Maronel Barajas (SBN 242044)
Maronel.Barajas@lls.edu
Anna Rivera (SBN 239601)
Anna.Rivera@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Suite 1120
Los Angeles, CA 90017
Tel: (213) 736-1496
Fax: (213) 736-1428

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R., a minor by and through his parent and Guardian *Ad Litem*, MARIA RODRIGUEZ, <br><br> Plaintiff, <br> vs. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity; RAMON C. CORTINES in his official capacity as Superintendent of Los Angeles Unified School District, and DOES 1-9, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND INDIVIDUAL DAMAGES FOR VIOLATIONS OF:** <br> 1. **Americans with Disabilities Act (42 U.S.C. §§ 12131, *et seq.*);** <br> 2. **Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§ 794, *et seq.*);** <br> 3. **California Government Code § 11135;** <br> 4. **Unruh Civil Rights Act (Cal. Civ. Code §§ 51, *et seq.*);** <br> 5. **California Education Code § 32282;** <br> 6. **California Education Code §§ 200, 201, 220;** <br> 7. **California Government Code §§ 815.6, *et seq.*;** <br> 8. **Negligence and Negligence *Per Se*** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, M.R. ("Plaintiff" or "M.R."), a minor by and through his parent and Guardian, MARIA RODRIGUEZ, complains of Defendants LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD" or "District") and Superintendent of Los Angeles Unified School District RAMON C. CORTINES (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.     The Americans with Disabilities Act ("ADA") was enacted over twenty years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history.  One of the principal goals of the ADA is the integration of people with disabilities into all aspects of social life.  42 U.S.C. § 12101(a).    Despite this mandate, LAUSD has, on multiple occasions, discriminated against M.R. by: (1) adopting policies/practices that deny him the opportunity to meaningfully participate in school activities, services and programs; (2) adopting and implementing a discriminatory policy/practice of segregating students with disabilities from their non-disabled peers by failing to provide opportunities for integration, including during recreational activities; (3) constructing or failing to remove architectural barriers and/or refusing to provide reasonable accommodations to students with mobility impairments on the Brainard Avenue Elementary School campus; and (4) adopting and implementing discriminatory policies/practices and/or guidelines regarding emergency management plans for students with mobility impairments.

2.     In doing so, Defendants have violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq*., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. §§ 794 *et seq*., Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq*., and related California statutes.

/ /

3.     Because of Defendants' discriminatory policies, practices, acts and/or omissions, Plaintiff has suffered and will continue to suffer damages through deprivation of his civil rights and denial of meaningful access to the services, activities and programs offered by Brainard Avenue Elementary School ("Brainard") and LAUSD.  In bringing this lawsuit Plaintiff seeks, among other things, compensation of his injuries, a declaration that his rights have been violated, and an injunction requiring Defendants to provide equal access to the activities, programs and services offered at Brainard for persons with mobility impairments as required by law.

## **JURISDICTION**

4.     Plaintiff alleges claims under the ADA, 42 U.S.C. §§ 12131 *et seq*., and Section 504, 29 U.S.C. §§ 794 *et seq*., such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the same actions and omissions that form the basis of Plaintiff's federal claims, Defendants have also violated Plaintiff's rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

## **VENUE**

5.     Venue over Plaintiff's claims is proper in the Central District of California because the Defendants reside in the Central District of California within the meaning of 28 U.S.C. §1391 and because a substantial part of the events, acts, and/or omissions giving rise to Plaintiff's claims occurred in the Central District of California.

/ /

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# PARTIES

## *Plaintiff*

6.     M.R. is a five-year-old boy with multiple disabilities, including cerebral palsy, a disability requiring use of a wheelchair.  He attends kindergarten at Brainard.   At all times relevant herein, M.R., has been and continues to be, a student in the District.

7.     At all times relevant herein, Plaintiff is a "qualified person with a disability" within the meaning of all applicable statutes including 42 U.S.C. § 12131(2), 29 U.S.C. § 705(20)(B), and California Government Code § 12926.

8.     At all times relevant herein, Plaintiff was and is a resident of Los Angeles County.

## *Defendants*

9.     Defendant Ramon C. Cortines is the Superintendent of the District.  The Superintendent of the District has authority and control of the District elementary schools and facilities, including the policies, practices, procedures, facilities, maintenance, programs, activities, services and employees of said schools and facilities.  The Superintendent is responsible for ensuring that District schools and facilities comply with antidiscrimination laws.  The Superintendent is sued in his official capacity.

10.     Defendant LAUSD is a public school district organized and existing under the laws of the State of California and is located within Los Angeles County.

11.     Presently, and at all times relevant to this complaint, the District was and is a public entity within the meaning of Title II of the ADA.

12.     Presently, and at all times relevant to this complaint, the District was and is a recipient of federal funding within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code Section § 11135.

/ /

13.     Presently, and at all times relevant to this complaint, the District was and is a business establishment within the meaning of the Unruh Act.

14.     The District is the owner, operator, or lessor/lessee of Brainard.  It is responsible for promulgating policies and procedures concerning the use of these facilities.

15.     The District is a governmental entity organized as a school district under the laws of the State of California, with the capacity to sue and to be sued.  The District is sued in its own right and on the basis of the acts of its officials, agents and employees, including those associated with Brainard.  Under California Government Code § 815(a), the District is liable for any and all wrongful acts in violation of state law hereinafter complained of and committed by any District entity and its employees acting within the course and scope of his or her employment.

16.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1-9 are ascertained.

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

17.    Hereafter, references to "Defendants" shall include Paragraphs 9-17, inclusive, above.

## FACTS APPLICABLE TO ALL CLAIMS

18.    Plaintiff, M.R., is a five-year-old kindergartner with multiple disabilities, including cerebral palsy, a disability requiring use of a wheelchair.  Plaintiff needs assistance with, among other things, mobility, transfer, toileting, food preparation, dressing and personal hygiene.

19.    Plaintiff is a student of the District and currently enrolled in kindergarten at Brainard.

20.    Plaintiff is classified as eligible to receive special education services.

21.    From on or about September 2013 to the present, while at Brainard, Plaintiff was and continues to be denied equal access to the programs, services and activities offered by the Defendants because, *inter alia*, Defendants failed to remove  physical barriers and failed to modify policies and procedures when necessary to avoid discrimination.

22.    Plaintiff has been denied and will continue to be denied opportunities to meaningfully participate in school activities at Brainard on the basis of his disability unless Defendants modify its policies and procedures when necessary to avoid discrimination. These activities include the following:

         a.    Exclusion from Brainard's Halloween Festivities:

         In or about October 31, 2013, M.R. was four-years-old and a
         preschooler at Brainard when the District hosted its annual school
         Halloween Parade.  All Brainard students were scheduled to
         participate in the parade except for Plaintiff and Plaintiff's special
         education preschool class.  Plaintiff's teacher was assigned to work in
         the front office during this period and Plaintiff and his classmates
         were dispersed among the crowd to watch the rest of the school
         participate in the procession.  After significant protest from Ms.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Rodrgiuez, M.R. walked the parade route, but unlike his peers who walked with their class, friends, and teachers, M.R. walked with his mother.  In addition, Plaintiff due to his disability was unable to access the school's game booths, which had been provided for the entertainment of students and their parents, and could not participate in the gaming activities with other students.  On information and belief, Plaintiff will again be excluded from participating in the Halloween festivities as they occur every year at Brainard.

b.    Segregation at Brainard's Holiday Pageant:

In or about December, 2013, M.R. was four-years-old and a preschooler at Brainard when the District hosted its annual school holiday pageant. Students were scheduled to perform on stage and to sing in front of parents in attendance.  On information and belief, because of his wheelchair, Plaintiff was conspicuously positioned to the side of the stage, segregated from those students who did not use wheelchairs.  On information and belief, Plaintiff will again be excluded from participating in the Holiday pageant as these festivities occur every year at Brainard.

c.    Exclusion from Open House Activities:

In or about April 8, 2014, M.R. was four-years-old and a preschooler at Brainard when it held its annual Open House event.  During this event, the entire student body was scheduled to perform in the school auditorium.  While the general education preschool class performed at the Open House event, Plaintiff and Plaintiff's special education class were not afforded the same opportunity.  While attributing this to a clerical error, on information and belief, M.R. believes that Plaintiff and Plaintiff's special education preschool class were purposefully excluded from the Open House festivities. On information and belief,

Plaintiff will again be excluded from participating in the Open House activities as these activities occur every year at Brainard.

d.     Segregation from Non-Disabled Peers by Facility:

Defendants further discriminated against Plaintiff by segregating him from his non-disabled peers on campus when he was in preschool.  On information and belief, all of Brainard's preschool special education students, like M.R., utilized bungalows for classrooms.  These bungalows are located on the opposite side of campus from Brainard's general education preschool classrooms, which utilize permanent non-bungalow facilities.  Plaintiff's opportunities to interact with non-disabled peers were unduly limited and preschool education classrooms were not equal.  On information and belief, Defendants will continue to segregate preschool students with disabilities by relegating them to inferior classroom rooms and unnecessarily failing to integrate them with their non-disabled peers.

e.     Segregation from Non-Disabled Peers During Recess:

Defendants discriminated against, special education preschool students, like Plaintiff, when he was in preschool by relegating them to a different playground than general education students.  The quality of these playgrounds is markedly different.  The general education playground includes a padded surface and large recreation structure.  In contrast, the playground for Plaintiff's special education class does not include a padded surface (it has only asphalt) and does not include comparable recreation equipment.  Plaintiff's preschool special education class was required to travel across campus to access the large, better-equipped playground, an opportunity that occurred, at most, once per week.  Plaintiff was denied the opportunity to interact

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

with his non-disabled peers during these important social and recreational time periods.  He was denied the opportunity to utilize comparable playground facilities enjoyed by his non-disabled peers. On information and belief, Defendants will continue to segregate preschool students with disabilities by relegating them to inferior play structures and unnecessarily failing to integrate them with their non-disabled peers.

    f.    <u>Lack of Proper Emergency Management Plans</u>:

The District's emergency management plans fail to meaningfully and properly plan for Plaintiff as a person with a disability who uses a wheelchair.

21.    Plaintiff has also encountered and continues to encounter physical barriers on the basis of his disability at Brainard, resulting in, *inter alia*, dangerous conditions.  These barriers include the following:

    a.    <u>Inaccessible Auditorium Stage</u>:

Plaintiff was and continues to be denied participation in school-wide activities as a result of an inaccessible stage in the auditorium. The stage does not have a ramp or a wheelchair lift that allows him access to the stage.  Plaintiff has to be manually lifted in his wheelchair from the lower level to the stage by school staff in order to participate in school events that take place on stage.

    b.    <u>Inaccessible Playground Equipment</u>:

Plaintiff faced and continues to face physical barriers in accessing Brainard's playground facilities.  Brainard segregated Plaintiff and his special education preschool class to a separate playground from the general education preschool population.  However, none of the equipment on the preschool playground is accessible to children with mobility disabilities.  In addition, based on information and belief,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

M.R.'s current playground is not accessible to him because of his disability.  Because of his disability, Plaintiff cannot enjoy the benefits of the playground equipment.

c.      Inaccessible Paths of Travel:

The paths of travels at Brainard, when looked at in its entirety, are inaccessible to persons who use wheelchairs due to, among other things, clearance issues.  For example, the gated entrance is difficult to access for Plaintiff and other students who use wheelchairs and some slopes are too steep to maneuver safely.

d.      Inaccessible Bathroom Facilities:

Brainard's restroom facilities are inadequate to accommodate Plaintiff and students with mobility impairments.  Brainard does not have dedicated handicap restrooms or dedicated handicap stalls for use by students with mobility disabilities.  Although Plaintiff has received a potty chair during the school year to mitigate the problem, this is not adequate.

23.    As the result of the barriers and discriminatory policies/practices described herein, Plaintiff has been and continues to be, *inter alia*, excluded from equal access to and use of educational programs, services and activities offered by Defendants.  Further, Plaintiff has been denied and will continue to be denied opportunities to meaningfully participate in school activities at Brainard on the basis of his disability unless Defendants modify its policies and procedures when necessary to avoid discrimination.

## INJURY TO PLAINTIFF

24.    As the result of Defendants' acts and omissions and the acts and omissions of its representatives and agents, as herein described, Plaintiff was and will continue to be denied equal access to Defendants' programs, services and activities

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and has suffered a loss of his civil rights, a loss of educational opportunity, and emotional harm.  The ongoing nature of Defendants' discrimination constitutes an ongoing violation and, unless enjoined by this Court, will result in ongoing and irreparable injury.  The above failings, in combination with erroneous assumptions about the capabilities and legal rights of persons with disabilities, ensure limited and inferior access to Brainard.  This discrimination has a dramatic impact on Plaintiff.

## RIGHT TO INJUNCTIVE AND DECLARATORY RELIEF

25.     Unless enjoined, Defendants will continue to engage in the unlawful acts and pattern and practice of discrimination described above.  Plaintiff has no adequate remedy at law.  Accordingly, Plaintiff is entitled to injunctive relief.

26.     An actual controversy has arisen and now exists between the parties concerning their respective rights, duties, and obligations under federal and state law.  Accordingly, Plaintiff is entitled to declaratory relief.

## COMPLIANCE WITH GOVERNMENT CLAIM REQUIREMENTS
### (with regard to claims for damages under California State law)

27.     As to his damages claims, M.R., by and through his guardian *ad litem*, filed an administrative claim pursuant to California Govovernment Code § 910 *et seq.* with the Long Angeles Unified School District on April 30, 2014. Those claims included a pre-litigation demand to stop Defendant's ongoing unlawful practices and continuing violation of the law.  Plaintiff's claim was rejected by letter dated July 14, 2014.

/ /

/ /

/ /

# FIRST CLAIM FOR RELIEF
## Americans with Disabilities Act
### 42 U.S.C. §§ 12131 *et seq*.

28.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

29.     When Congress enacted the ADA, the explicitly-stated purpose was "to assure equality of opportunity, full participation, independent living and economic self-sufficiency for [individuals with disabilities]" as a way of combating the "serious and pervasive" social problem of isolation and segregation of individuals with disabilities.  42 U.S.C. § 12101(a)-(b).

30.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

31.     At all times relevant to this action, Defendant school district was a public entity within the meaning of Title II of the ADA, and provided a program, service or activity to the general public.  42 U.S.C. § 12131(1).

32.     At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of Title II of the ADA, and meets the essential eligibility requirements for the receipt of the services, programs, or activities of the Defendants.  42 U.S.C. § 12131(2).

/ /
/ /
/ /
/ /
/ /
/ /
/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.     Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to students at Brainard in violation of Title II of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, *inter alia*:

      a.     Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to students at Brainard (28 C.F.R. § 35.130(b)(1)(i));

      b.     Failing to afford Plaintiff an opportunity to participate in or to benefit from the aids, benefits, or services offered by Defendants to students at Brainard that is equal to the one afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

      c.     Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

      d.     Providing different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others (28 C.F.R. § 35.130(b)(1) (iv));

      e.     Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to students at Brainard (28 C.F.R. § 35.130(b)(1)(vii));

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

      f.      Denying students with disabilities the ability to participate in the same programs and activities as their non-disabled peers (28 C.F.R. § 35.130(b)(2));

      g.      Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination on the basis of disability (28 C.F.R. § 35.130(b)(7));

      h.      Failing to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities," which is defined as "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible" ( 28 C.F.R. § 35.130; 28 C.F.R. pt. 35 App. B); and

      i.      Engaging in methods of administration that have discriminatory effect on people with disabilities (28 C.F.R. § 35.130(b)(3); 28 C.F.R. § 35.130 (b)(1)(i),(ii),(iii) and (vii); *see also* 28 C.F.R. § 41.51 (b)(3)(i)).

34.    Plaintiff is informed, believes, and based thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiff's rights.

35.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff is entitled to declaratory and injunctive relief as well as reasonable attorneys' fees and costs incurred in bringing this action.

/ /

/ /

/ /

/ /

/ /

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SECOND CLAIM FOR RELIEF
### Section 504 of the Rehabilitation Act
### 29 U.S.C. §§ 794 *et seq*.

36.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

37.     Section 504 provides in pertinent part: "[N]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…."  29 U.S.C. § 794.

38.     Plaintiff is at all times relevant herein a qualified individual with a disability within the meaning of Section 504 because he has a physical impairment that substantially limits one or more of his major life activities.  29 U.S.C. § 705 (20)(B).

39.     Plaintiff is otherwise qualified to participate in the services, programs, or activities that are provided to students at Brainard.  *See,* 29 U.S.C. § 794(b).

40.     At all times relevant to this action, Defendants were recipients of federal funding within the meaning of Section 504.  *See,* 29 U.S.C. § 794(b) & 20 U.S.C. § 7801(26).

41.     Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to students at Brainard in violation of Section 504 and its implementing regulations solely on the basis of his disability.  Defendants' discriminatory conduct includes, *inter alia*:

          a.     Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to students at Brainard (34 C.F.R. §  104.4 (b)(1)(i));

/ /

b.     Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to students at Brainard that is not equal to that afforded his non-disabled peers (34 C.F.R. § 104.4(b)(1)(ii));

c.     Providing Plaintiff with aids, benefits, or services that are not as effective as those provided to other students at Brainard (34 C.F.R. § 104.4 (b)(1)(iii));

d.     Otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages or opportunities enjoyed by other students at Brainard (34 C.F.R. § 104.4 (b)(1)(vii));

e.     Denying students with disabilities the ability to participate in the same programs and activities as their non-disabled peers (34 C.F.R. § 104.4 (b)(3));

f.     Failing to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities," which is defined as "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible" ( 28 C.F.R. § 35.130; 28 C.F.R. pt. 35 App. B); and

g.     Engaging in methods of administration that have discriminatory effect on people with disabilities (28 C.F.R. § 35.130(b)(3); 28 C.F.R. § 35.130 (b)(1)(i),(ii),(iii) and (vii); *see also,* 28 C.F.R. § 41.51 (b)(3)(i).

42.   Plaintiff is informed, believes, and based thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiff's rights.

43.   Plaintiff is informed, believes, and based thereon alleges that Defendants have discriminated against him solely by reason of his disability.

44.     Pursuant to 29 U.S.C. § 794(a) Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs incurred in bringing this action.

## THIRD CLAIM FOR RELIEF
### California Government Code § 11135

45.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

46.     Section 11135(a) of the California Government Code provides in pertinent part that "[n]o person in the State of California shall, on the basis of…disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under any program or activity" that is funded directly by the state or receives any financial assistance from the state.  California Government Code § 11135(a).

47.     At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Government Code § 11135(b) as defined by California Government Code § 12926 (l) & (m) and meets the essential requirements for the receipt of the services, programs, or activities of the Defendants.  California Government Code § 11135.

48.     At all times relevant to this action, Defendants received financial assistance from the State of California.  California Government Code § 11135.

49.     Defendants' discriminatory policies and practices deny Plaintiff , *inter alia*, full and equal access to the services, programs and activities offered by Defendants to students at Brainard in violation of California Government Code § 11135.

50.     Defendants have violated California Government Code § 11135(b) in that the conduct alleged herein constitutes a violation of the ADA, 42 U.S.C. § 12132 and the regulations promulgated thereunder.

51.   As the proximate result of Defendants' violations of California Government Code § 11135, Plaintiff has been injured as set forth herein.  Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Unruh Civil Rights Act
### California Civil Code §§ 51 *et seq*.

52.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

53.   Through the acts and omissions described herein, Defendants have violated California Civil Code § 51(b), which provides in pertinent part that, "All persons within the jurisdiction of this state are free and equal, and no matter what his…disability or medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

54.   Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code § 51 *et seq.*

55.   At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Civil Code § 51 as defined by California Government Code § 12926 (l) & (m).

56.   LAUSD meets the definition of a business establishment within the meaning of California Civil Code § 51 *et seq.*

57.   Defendants have violated the Unruh Act by, *inter alia*, denying, aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by Defendants to students at Brainard.  Defendants have also violated the Unruh Act by denying, aiding or

inciting the denial of Plaintiff's rights to equal access arising from the provisions of the ADA.

58.     Pursuant to California Civil Code § 52(a), Defendants are liable to Plaintiff for up to three times the amount of actual damages, but in no case less than $4,000 for every violation of California Civil Code § 51 *et seq.*, for injunctive relief and for attorneys' fees and costs incurred in this action.

## FIFTH CLAIM FOR RELIEF

### California Education Code § 32282

59.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

60.     Through the acts and omissions described herein, Defendants have violated the California Education Code § 32282, which provides in relevant part that, "Disaster procedures, routine and emergency, [shall include] adaptations for pupils with disabilities in accordance with the federal Americans with Disabilities Act of 1990." Cal. Educ. Code § 32282(a)(2)(B).

61.     At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the ADA, 42 U.S.C. § 12131(2).

62.     Defendants have violated the California Education Code § 32282 by, *inter alia,* failing to properly account for Plaintiff and students with mobility impairments in the development of emergency evacuation plans.

63.     Because Defendants' discriminatory conduct is ongoing, equitable, declaratory, and injunctive reliefs are appropriate remedies.

/ /

/ /

/ /

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SIXTH CLAIM FOR RELIEF

### California Education Code §§ 200, 201, 220

64.    Plaintiff  incorporates by reference each and every allegation contained in the foregoing paragraphs.

65.    California Education Code § 200 states in relevant part that "[i]t is the policy of the State of California to afford all persons  in public schools, regardless of their disability, . . . equal rights and opportunities in the educational institutions of the state."

66.    California Education Code § 201(a) states in relevant part that "[a]ll pupils have the right to participate fully in the educational process, free from discrimination and harassment."

67.    California Education Code § 220 prohibits, *inter alia*, discrimination on the basis of disability "in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

68.    Plaintiff was and is an individual with a disability within the meaning of the California Education Code § 220 as defined by California Education Code § 210.1.

69.    At all times relevant to this action, Defendants received financial assistance from the State of California.

70.    As a direct and proximate result of Defendants' actions and omissions as described herein, Defendants have violated California Education Code §§ 200, 201, and 220 by denying Plaintiff the benefits of, and unlawfully subjecting Plaintiff to discrimination under Defendants' services, programs and activities. Unless enjoined, Defendants' conduct will continue to inflict injuries for which M.R. has no adequate remedy at law.

/ /

/ /

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SEVENTH CLAIM FOR RELIEF

### Violation of Mandatory Duty

### California Government Code § 815.6

71.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

72.     California Civil Code § 815.6 provides for liability against a public entity when:

        a.     The entity violates an enactment;

        b.     The Plaintiff is in the class of persons protected by the enactment;

        c.     The enactment is designed to protect from the kind of injury complained of by Plaintiff;

        d.     The violation proximately caused the injury; and

        e.     The public entity did not exercise reasonable diligence in discharging its duty established by the enactment.

73.     An enactment includes a federal or state constitutional provision, statute, charter provision, ordinance, or properly adopted regulation.

74.     The statutes cited throughout the various causes of action in this complaint are all enactments within the meaning of California Civil Code § 815.6.

75.     Plaintiff was and is in the class of persons protected by these enactments.

76.     The aforementioned enactments constitute mandatory duties within the meaning of California Civil Code § 815.6 and were designed to prevent the kind of injuries alleged herein

77.     Defendants, as described in this complaint, did not exercise reasonable diligence in discharging their duty established by the enactments enumerated above to refrain from violating the Plaintiff's constitutional and statutory rights.

/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

78.     Because Defendants' discriminatory conduct is ongoing, equitable, declaratory, and injunctive reliefs are appropriate remedies.

## EIGHTH CLAIM FOR RELIEF
### Negligence and Negligence *Per Se*

79.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

80.     At all times relevant herein, Defendants owed a duty of care to Plaintiff.

81.     Defendants breached their duty of care to Plaintiff by the acts and omissions alleged herein.

82.     By their acts and omissions as alleged herein, Defendants violated federal and state statutes and regulations, including but not limited to the ADA, Section 504, and state statutes.

83.     Defendants' violations of law proximately caused and were a substantial factor in causing Plaintiff's damages as alleged herein.  Such damages were reasonably foreseeable to Defendants.

84.     Plaintiff's damages resulted from an occurrence the nature of which the violated statutes and regulations were designed to prevent.

85.     At all relevant times, Plaintiff belonged to the class of persons whose protection the statutes and regulations were adopted.

86.     Plaintiff is entitled to an award of damages in an amount according to proof as a result of Defendants' conduct, as alleged herein.

/ /

/ /

/ /

/ /

/ /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court enter judgment as follows:

87.    A declaration that Defendants' conduct as alleged herein has violated, and continues to violate Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, California Government Code §§ 11135 and 815.6, California Civil Code § 51, and California Education Code § 32282.

88.     An injunction against Defendants from violating the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, California Government Code §§ 11135 and 815.6, California Civil Code §§ 51, and California Education Code § 32282.

89.    That this Court retain jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future, absent continuing jurisdiction.

90.    Damages in an amount to be determined by proof, including but not limited to damages under 42 U.S.C. §12133, 29 U.S.C. § 794(a), and California Civil Code § 52, including all applicable actual and statutory damages and at law.

91.     General and special damages according to proof.

92.    Plaintiff's reasonable attorneys' fees and costs in this action, including but not limited to, 42 U.S.C. § 12205, 29 U.S.C. § 794(b), Cal. Civil Code § 52 and Cal. Code Civ. Pro. 1201.5 , and as otherwise provided by statute and at law.

93.    Such other relief as the Court deems just and proper.

/ /
/ /
/ /
/ /
/ /
/ /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Dated: December 23, 2014

Respectfully submitted,

DISABILITY RIGHTS LEGAL CENTER



Anna Rivera
Attorneys for Plaintiff. M.R., a Minor by
and through his *Guardian Ad Litem*,
MARIA RODRIGUEZ

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF